# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY RAY WALTERS**, | : CIVIL ACTION NO. 1:13-CV-2275 |
| Plaintiff, | : (Chief Judge Conner) |
| v. | : |
| **PENNSYLVANIA STATE POLICE**, *et al.*, | : |
| Defendants. | : |

## ORDER

AND NOW, this 11th day of August, 2014, upon consideration of the report (Doc. 19) of Magistrate Judge Susan E. Schwab, recommending that the court grant the motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the Pennsylvania State Police and Troopers Hahn, Baluh, Webb, Eshelman, and Shanahan, (collectively, the "PSP defendants") (Doc. 8), East Hanover Township, (Doc. 9), and Dauphin County EMA 911, (Doc. 10), and dismiss the *pro se* plaintiff's complaint (Doc. 1) except to the limited extent that defendants Hahn and Baluh do not move to dismiss plaintiff's claims for false arrest, false imprisonment, and excessive force, (see Doc. 19 at 37), and that dismissal of plaintiff's claims should be without prejudice in deference to plaintiff's *pro se* status and because the court cannot ascertain with certainty whether amendment would be futile on the pleadings before it, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (observing that courts must liberally grant leave to amend "unless amendment would be inequitable or futile") and, after an independent review of the record, the court being in full agreement with the report and the magistrate

judge's recommendation,[1] and it appearing that neither party has objected to the report, and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (noting that "failing to timely object to [a report and recommendation]

---

[1] The magistrate judge liberally construes the *pro se* plaintiff's complaint and identifies the following claims: (1) a claim pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) against the PSP for failure to train, supervise, investigate, and discipline its officers; (2) constitutional claims against the PSP, Hahn, and Baluh for false imprisonment, false arrest, malicious abuse of process, malicious prosecution, and excessive force; (3) a Fourth Amendment claim against Hahn and Baluh for unlawful search and seizure; (4) conspiracy claims against the PSP defendants pursuant to 42 U.S.C. §§ 1983 and 1985; (5) state law tort claims against Hahn and Baluh for intentional infliction of emotional distress and endangerment; (6) a constitutional claim against "several troopers" for failure to intervene; (7) a state law claim against both Dauphin County EMA 911 and East Hanover Township for negligent repair and control of the roadways; and (8) a state law negligence claim against Dauphin County EMA 911 as to its handling of plaintiff's emergency 9-1-1 call. (Doc. 19 at 4). Judge Schwab notes that plaintiff also seeks to bring a private cause of action against Hahn for "intentionally falsifying" a traffic ticket. (See id.) After an extensive review of each of the claims, Judge Schwab concludes that all but plaintiff's false imprisonment, false arrest, and excessive force claims must be dismissed. The court fully agrees with the magistrate judge's report and the cogent reasoning undergirding the same.

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 19) of the magistrate judge is ADOPTED in its entirety.

2. The motions to dismiss filed by East Hanover Township (Doc. 9) and Dauphin County EMA 911 (Doc. 10) are GRANTED.  Plaintiff's complaint (Doc. 1) and all claims therein as to defendants East Hanover Township and Dauphin County EMA 911 are DISMISSED without prejudice.

3. The motion (Doc. 8) to dismiss filed by the PSP defendants is GRANTED. Plaintiff's complaint (Doc. 1) and all claims therein against the various PSP defendants are DISMISSED without prejudice except as to plaintiff's claims for false arrest, false imprisonment, and excessive force against defendants Hahn and Baluh.

4. Plaintiff is GRANTED leave to amend those claims dismissed in paragraphs 2 and 3 above to the extent plaintiff is able state facts which, deemed true, cure the deficiencies identified in the magistrate judge's report.  If plaintiff fails to file a curative amended pleading within fourteen (14) days of the date of this order, the claims dismissed without prejudice in paragraphs 2 and 3 above shall be dismissed with prejudice.

5. Any amended pleading filed pursuant to paragraph 4 shall be filed to the same docket number as the instant action, shall be entitled "Amended Complaint," and shall be complete in all respects.  It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint (Doc. 1) hereinabove dismissed.

6. This matter is REMANDED to Magistrate Judge Schwab for further proceedings.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania