IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY RAY WALTERS,** | : | CIVIL ACTION NO. 1:13-CV-2275 |
| | : | |
| **Plaintiff** | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA STATE POLICE,** | : | |
| *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 3rd day of December, 2014, upon consideration of the motion (Doc. 26) filed by *pro se* plaintiff Jeffrey Ray Walters ("Walters"), wherein Walters seeks leave to amend his complaint to include the Pennsylvania Department of Transportation as a defendant and asks the court to reconsider its order (Doc. 20) dated August 11, 2014, adopting the recommendation (Doc. 20) of Magistrate Judge Susan E. Schwab and granting the motions to dismiss filed by various defendants,

and it appearing that granting leave to amend would be frivolous,[1] and that both Walters' request for reconsideration and his request for relief from judgment under

---

[1] Walters seeks leave to assert a claim for "negligent control of the roadway" against the Pennsylvania Department of Transportation ("PennDOT") for failing to adequately maintain Route 743 at the Swatara Creek in East Hanover Township. (See Doc. 26 at 9; Doc. 26-1 ¶ 13 (alleging that PennDOT "had a duty to maintain the roadway and to maintain its adequate closure so that people driving the roadway would not be subjected to the [Swatara Creek's] advancing floodwaters")). Walters' proposed claim against PennDOT is barred by the doctrine of sovereign immunity. See U.S. CONST. amend. XI. The Commonwealth of Pennsylvania has waived its sovereign immunity by statute in limited circumstances, see 42 PA. CONS. STAT. §§ 8521-22, but none of the statute's enumerated exceptions apply here. See Harrison v. SEPTA, No. 07-4174, 2008 U.S. Dist. LEXIS 97332, at *5-7 (E.D. Pa. Dec. 1, 2008) (holding that "PennDOT enjoys Eleventh Amendment protection as a department of the Commonwealth of Pennsylvania" in response to plaintiff's request to amend negligence claim for sidewalk maintenance to include PennDOT as a defendant). Any amendment would thus be futile. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (courts should liberally grant leave to amend pleadings "unless such an amendment would be inequitable or futile") (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

2

Federal Rule of Civil Procedure 60 are untimely,[2] and the court further concluding that Walters' arguments in support of his motion for reconsideration are without merit,[3] it is hereby ORDERED that the motion is DENIED.

                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania

---

[2] Motions for reconsideration must be filed within fourteen (14) days of entry of the order concerned. See LOCAL RULE OF COURT 7.10. Walters challenges the court's order (Doc. 20) dated August 11, 2014, and his motion for reconsideration is thus time-barred by more than fifty (50) days. Walters' motion is similarly untimely to the extent he seeks relief under Federal Rule of Civil Procedure 60, which allows the court to relieve a party of a final judgment or order for, *inter alia*, "excusable neglect." See FED. R. CIV. P. 60(b). A motion pursuant to Rule 60(b) must be filed "within a reasonable time" after issuance of the order concerned. See FED. R. CIV. P. 60(c). What constitutes "a reasonable time" varies with the circumstances of each case, and the court should consider factors such as "finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and prejudice to other parties" in ruling on a Rule 60(b) motion. *In re* Diet Drugs Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010). Walters asserts that he did not receive the Magistrate Judge's report and recommendation due to "exigent circumstances," namely a "physical injury" that "required surgery." (Doc. 26 at 4-5). Walters offers no other particulars explaining his delay. (See id.) Moreover, he did not bring these issues to the court's attention during a September 29, 2014 conference call with Magistrate Judge Schwab, despite the fact that he learned of the report "a few days prior to the teleconference." (Doc. 26 at 5). By his own admission, Walters waited sixty (60) days after learning of the report to file the instant motion. (See id. at 4-5). Under these circumstances, the court cannot conclude that Walters' delay is "reasonable." See FED. R. CIV. P. 60(c).

[3] Walters' instant motion seeks *vacatur* of the court's order adopting the Magistrate Judge's report and leave to file *nunc pro tunc* objections to the same. Walters does not identify any legal or factual error in the report or in the court's resolution of defendants' motions to dismiss. (See id. at 4 ("Plaintiff does not argue that any legal error was committed.")). Rather, Walters argues that the defendants misstated certain facts in their motions and supporting briefs. (See Doc. 26 at 5-8). The court has already determined that Magistrate Judge Schwab appropriately construed and considered Walters' factual allegations in ruling on defendants' motions and declines to revisit its assessment. Consequently, Walters' motion is both untimely and without merit.